UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RYAN WINTER                                             CIVIL ACTION

VERSUS                                                  NO. 13-5191

BISSO MARINE CO., INC.                                  SECTION "H"(2)

## ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:        Plaintiff's Motion to Quash Subpoena Duces Tecum for Production
               of Cell Phone Records, Record Doc. No. 17

O R D E R E D:

 XXX : GRANTED.  Defendant Bisso Marine Co. issued a subpoena duces tecum to Verizon Wireless, plaintiff's cellular telephone provider and a non-party to this case, seeking "all Verizon records related to Ryan Winter, number [. . .,] including billing and usage charges, and all logs of incoming and outgoing calls and texts, and data transfers from June 1, 2012 until the present time." Record Doc. No. 17-2.  The incident on which Winter bases his personal injury claims against Bisso Marine occurred on June 6, 2013. Verizon notified Winter that it had received the subpoena and would produce the records to defendant on the return date of August 1, 2014, absent a contrary court order.

Winter moved to quash the subpoena, arguing that it is overly broad, unduly burdensome and seeks irrelevant and possibly privileged materials and is not reasonably calculated to lead to the discovery of admissible evidence.  Bisso Marine argues in opposition to the motion that plaintiff has no standing to assert any of these objections to its subpoena to a non-party and that, if Winter does have standing, the subpoena seeks discoverable materials within the scope of Fed. R. Civ. P. 26(b).

Plaintiff has no standing to object to the subpoena on the basis that it is unduly burdensome to the third party, Verizon–an objection that Verizon has not raised and that appears to be negated by Verizon's willingness to comply with the subpoena's return date. Wells v. State Farm Fire & Cas. Co., No. 13-120, 2013 WL 3187279, at *2 (E.D. La. June 20, 2013) (citing Campbell v. GECOS G.M.B.H., No. 6:12-cv-01251, 2012 WL 4483528, at *1 (M.D. La. Sept. 26, 2012); Hoover v. Fla. Hydro, Inc., No. 07-1100, 2008 WL 4467661, at *3 (E.D. La. Oct. 1, 2008)).  I also agree with Bisso Marine that its subpoena duces tecum does not request the content of any messages or phone calls

between Winter and his attorney, and that mere logs of calls or text messages to plaintiff's attorney, or anyone else, are not privileged.

However, I find that Winter has standing to object to defendant's subpoena to Verizon because he has a personal interest in the records of his own cell phone usage.

> Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought. This personal right or privilege standard has been recognized in numerous cases.

Charles Alan Wright & Arthur R. Miller, 9A Federal Practice and Procedure Civil 3d § 2459 at 435-36 (3d ed. 2008) (hereinafter "Wright & Miller"); accord Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979); Turnbow v. Life Partners, Inc., No. 3:11-cv-1030-M, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013); Wells, 2013 WL 3187279, at *2 (citing Global Oil Tools, Inc. v. Barnhill, No. 12-1507, 2013 WL 681989, at *4 n.7 (E.D. La. Feb. 22, 2013)); Frazier v. Radio Shack Corp., No. 10-855-BAJ-CN, 2012 WL 832285, at *2 & n.9 (M.D. La. Mar. 12, 2012); Rice v. Reliastar Life Ins. Co., No. 11-44-BAJ-CN, 2011 WL 5513181, at *1 (M.D. La. Nov. 10, 2011) (citing Brown, 595 F.2d at 967; Jez v. Dow Chem. Co., 402 F. Supp. 2d 783 (S.D. Tex. 2005)).

I find that Winter has standing to object to the subpoena because it implicates his personal interest in the privacy of his cell phone records. Subpoenas duces tecum to third parties are discovery devices subject to the limitations of Fed. R. Civ. P. 26. Martin v. Oakland Cnty., No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008); Williamson v. Horizon Lines LLC, 248 F.R.D. 79, 83 (D. Me. 2008) (citing 9A Wright & Miller, § 2452); Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (citing In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); Mortg. Info. Servs. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002).

Applying the ordinary discovery standard, plaintiff's relevance objections are well founded. Bisso Marine argues that a comparison of the records of plaintiff's cell phone calls, text messages and data transfers from one year before through one year after the accident will reveal information relevant to Winter's claim that the accident caused him to have ongoing mental and physical problems. Defendant asserts that the records will reflect the frequency and duration of plaintiff's use of the cell phone and therefore will reflect the degree of his impairments after the accident. The assumptions behind this contention are too tenuous to support a finding that the requested records are relevant to any party's claim or defense. The subpoena is not reasonably calculated to lead to the discovery of admissible evidence. To whatever extent the materials sought may have some tangential relevance to the subject matter involved in the action, Bisso Marine has

not articulated good cause to expand the scope of discovery to such matters. Fed. R. Civ. P. 26(b)(1).

Accordingly, plaintiff's motion to quash is GRANTED. Defendant is ORDERED to serve a copy of this order promptly on Verizon before the return date of the subpoena duces tecum.

New Orleans, Louisiana, this ___29th___ day of July, 2014.

_____
for JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE